## RULE 83.6   RULES OF DISCIPLINARY ENFORCEMENT

**(1) Attorneys Convicted of Crimes.**

(A)  Upon the filing with this court of a certified copy of a judgment of conviction demonstrating that any attorney admitted to practice before the court has been convicted in any court of the United States, or of any state, the District of Columbia, territory, commonwealth, or possession of the United States of a serious crime as hereinafter defined, the court shall enter an order immediately suspending that attorney, whether the conviction resulted from a plea of guilty, or nolo contendere, or from a verdict after trial or otherwise, and regardless of the pendency of any appeal, until final disposition of a disciplinary proceeding to be commenced upon such conviction.  A copy of such order shall immediately be served upon the attorney.  Upon good cause shown, the court may set aside such order when it appears in the interest of justice to do so.

(B)  The term "serious crime" shall include any felony and any lesser crime, a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction where the judgment was entered, involves false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt of a conspiracy or solicitation of another to commit a "serious crime."

(C)  A certified copy of a judgment of conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against that attorney based upon the conviction.

(D)  Upon the filing of a certified copy of a judgment of conviction of an attorney for a serious crime, the court shall, in addition to suspending that attorney in accordance with the provisions of this rule, also refer the matter to counsel for the institution of a disciplinary proceeding before the court in which the sole issue to be determined shall be the extent of the final discipline to be imposed as a result of the conduct resulting in the conviction, provided that a disciplinary proceeding so instituted will not be brought to final hearing until all appeals from the conviction are concluded.

(E)  Upon the filing of a certified copy of a judgment of conviction of an attorney for a crime not constituting a "serious crime," the court may refer the matter to counsel for whatever action counsel may deem warranted, including the institution of a disciplinary proceeding before the court; provided, however, that the court may in its discretion make no reference with respect to convictions for minor offenses.

(F)  An attorney suspended under the provisions of this rule will be reinstated immediately upon the filing of a certificate demonstrating that the underlying conviction of a serious crime has been reversed but the reinstatement will not terminate any disciplinary proceeding then pending against the attorney, the disposition of which shall be determined by the court on the basis of all available evidence pertaining to both guilt and the extent of discipline to be imposed.

**(2) Discipline Imposed By Other Courts.**

(A) Any attorney admitted to practice before this court shall, upon being subject to public discipline by any other court of the United States, or by a court of any state, the District of Columbia, territory, commonwealth, or possession of the United States, promptly inform the clerk of this court of such action.

(B) Upon the filing of a certified or exemplified copy of a judgment or order demonstrating that an attorney admitted to practice before this court has been disciplined by another court, this court shall forthwith issue a notice directed to the attorney containing:

> (i) a copy of the judgment or order from the other court; and
>
> (ii) an order to show cause directing that the attorney inform this court within thirty (30) days after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated upon the grounds set forth in subsection (2)(D) hereof that the imposition of the identical discipline by this court would be unwarranted and the reasons therefor. The order shall state that a hearing on such a claim may be had if requested within fifteen (15) days after service of the order; otherwise the matter will be determined on the papers without hearing.

(C) In the event the discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed in this court shall be deferred until such stay expires.

(D) Upon the expiration of thirty (30) days from service of the notice issued pursuant to the provisions of subsection (2)(B), or any longer period needed for a hearing and consideration by the court, this court shall impose the identical discipline unless the respondent-attorney demonstrates, or this court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears:

> (i) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (ii) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject; or
>
> (iii) that the imposition of the same discipline by this court would result in grave injustice; or
>
> (iv) that the misconduct established is deemed by this court to warrant substantially different discipline. Where this court determines that any of said elements exist, it shall enter such other order as it deems appropriate.

(E) In all other respects, a final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this court.

(F) This court may at any stage appoint counsel to prosecute the disciplinary

proceedings.

**(3)  Disbarment on Consent or Resignation in Other Courts.**

(A)  Any attorney admitted to practice before this court who shall be disbarred on consent or resign from the bar of any other court of the United States, or from the bar of any state, the District of Columbia, territory, commonwealth, or possession of the United States while an investigation into allegations of misconduct is pending, shall, upon the filing with this court of a certified or exemplified copy of the judgment or order accepting such disbarment on consent or resignation, cease to be permitted to practice before this court and be stricken from the roll of attorneys admitted to practice before this court.

(B)  Any attorney admitted to practice before this court shall, upon being disbarred on consent or resigning from the bar of any other court of the United States, or from the bar of any state, the District of Columbia, territory, commonwealth, or possession of the United States while an investigation into allegations of misconduct is pending, promptly inform the clerk of this court of such disbarment on consent or resignation.

**(4)  Standards for Professional Conduct.**

(A)  For misconduct defined in these rules, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this court may be disbarred, suspended from practice before this court, reprimanded or subjected to such other disciplinary action as the circumstances may warrant.

(B)  Acts or omissions by an attorney admitted to practice before this court pursuant to this Rule 83.6, or appearing and practicing before this court pursuant to Rule 83.7, individually or in concert with any other person or persons, that violate the ethical requirements and rules concerning the practice of law of the Commonwealth of Massachusetts, shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.  The ethical requirements and rules concerning the practice of law mean those canons and rules adopted by the Supreme Judicial Court of Massachusetts, embodied in Rules 3:05, 3:07 and 3:08 of said court, as they may be amended from time to time by said court, except as otherwise provided by specific rule of this court after consideration of comments by representatives of bar associations within the Commonwealth.

**(5)  Disciplinary Proceedings.**

(A)  When misconduct or allegations of misconduct that, if substantiated, would warrant discipline as to an attorney admitted to practice before this court, is brought to the attention of a judicial officer, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these rules, the judicial officer may refer the matter to counsel for investigation, the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.

(B)  Should counsel conclude after investigation and review that a formal disciplinary proceeding should not be initiated against the respondent-attorney because sufficient evidence is not present, or because there is pending another proceeding against the respondent-

attorney, the disposition of which in the judgment of counsel should be awaited before further action by this court is considered or for any other valid reason, counsel shall file with the court a recommendation for disposition of the matter, whether by dismissal, admonition, deferral, or otherwise, setting forth the reasons therefor.

(C)  To initiate formal disciplinary proceedings, counsel shall obtain an order of this court upon a showing of probable cause, requiring the respondent-attorney to show cause within thirty (30) days after service of that order upon that attorney, personally or by mail, why the attorney should not be disciplined.  The order to show cause shall include a certification of all courts before which the respondent-attorney is admitted to practice, as specified in the form appended to these rules.

(D)  Upon the respondent-attorney's answer to the order to show cause, if any issue of fact is raised or the respondent-attorney wishes to be heard in mitigation, the Chief Judge of this court or, in his absence, the next senior district judge shall set the matter for prompt hearing before three (3) judges of this court, provided however that if the disciplinary proceeding is predicated upon the complaint of a judge of this court the complaining judge shall not sit, and if the Chief Judge is the complainant, the member of the court who is next senior shall assume his responsibilities in the matter.  An en banc hearing may be granted on the affirmative vote of five (5) judges.  Nothing herein shall prevent the court from using a master for purposes of fact finding and to make recommendations in a suitable case.  The respondent-attorney shall execute the certification of all courts before which that respondent-attorney is admitted to practice, and file the certification with the answer.

**(6)  Disbarment on Consent While Under Disciplinary Investigation or Prosecution.**

(A)  Any attorney admitted to practice before this court who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct may consent to disbarment, but only by delivering to this court an affidavit stating that the attorney desires to consent to disbarment and that:

> (i)  the attorney's consent is freely and voluntarily rendered; the attorney is not being subjected to coercion or duress; the attorney is fully aware of the implications of so consenting;
>
> (ii)  the attorney is aware that there is a presently pending investigation or proceeding involving allegation that there exist grounds for the attorney's discipline, the nature of which the attorney shall specifically set forth;
>
> (iii)  the attorney acknowledges that the material facts so alleged are true; and
>
> (iv)  the attorney so consents because the attorney knows that if charges were predicated upon the matters under investigation, or if the proceedings were prosecuted, the attorney could not successfully defend himself.

(B)  Upon receipt of the required affidavit, this court shall enter an order disbarring the attorney.

    (C) The order disbarring the attorney on consent shall be a matter of public record. However, the affidavit required under the provisions of this rule shall not be publicly disclosed or made available for use in any other proceeding except upon order of this court.

**(7) Reinstatement.**

    (A) *After Disbarment or Suspension.* An attorney who is suspended shall be automatically reinstated at the end of the period of suspension upon the filing with the court of an affidavit of compliance with the provisions of the order. An attorney who is suspended indefinitely or disbarred may not resume practice until reinstated by order of this court. Suspensions may be directed to run concurrently with a suspension mandated by other state or federal courts, in which event the attorney shall be eligible for reinstatement in this court when said suspension expires, and will be automatically reinstated upon filing with this court an affidavit indicating that the period of suspension has run.

    (B) *Hearing on Application.* Petitions for reinstatement by a disbarred or indefinitely suspended attorney under this rule shall be filed with the Chief Judge of this court. Upon receipt of the petition, the Chief Judge shall promptly refer the petition to counsel and shall assign the matter for prompt hearing before one or more judges of this court provided, however, that if the disciplinary proceeding was predicated upon the complaint of a judge of this court, the complaining judge shall not sit, and if the Chief Judge is the complainant, the judge next senior shall assume his responsibilities in the matter. The judge or judges assigned to the matter shall within thirty (30) days after referral schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law before this court and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

    (C) *Duty of Counsel.* In all proceedings upon a petition for reinstatement, cross-examination of the witnesses of the respondent-attorney and the submission of evidence, if any, in opposition to the petition shall be conducted by counsel.

    (D) *Conditions of Reinstatement.* If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him, provided that the judgment may make reinstatement conditional upon the payment of all or part of the costs of the proceedings, and upon the making of partial or complete restitution to parties harmed by the disbarment. Provided further, that if the petitioner has been suspended or disbarred for five (5) years or more, reinstatement may be conditioned, in the discretion of the judge or judges before whom the matter is heard, upon furnishing proof of competency and learning in the law, which proof may include certification by the bar examiners of a state or other jurisdiction of the attorney's successful completion of an examination for admission to practice subsequent to the date of suspension or disbarment.

    (E) *Successive Petitions.* No petition for reinstatement under this rule shall be filed within one (1) year following an adverse judgment upon a petition for reinstatement filed by or on behalf of the same person.

**(8) Attorneys Specially Admitted.**

(A)  Whenever an attorney applies to be admitted or is admitted to this court for purposes of a particular proceeding (pro hac vice), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this court for any alleged misconduct of that attorney arising in the course of or in preparation for such proceeding.

**(9) Appointment of Counsel.**

(A)  Whenever counsel is to be appointed pursuant to these rules to investigate allegations of misconduct or prosecute disciplinary proceedings or in conjunction with a reinstatement petition filed by a disciplined attorney, this court shall appoint as counsel the disciplinary agency of the highest court of the state or commonwealth in which the attorney is maintaining his principal office, or other disciplinary agency which the court deems suitable, including the United States Attorney for this district.  If no such disciplinary agency exists or such disciplinary agency declines appointment, or such appointment is clearly inappropriate, this court shall appoint as counsel one or more members of the bar of this court to investigate allegations of misconduct or to prosecute disciplinary proceedings under these rules, provided, however, that the respondent-attorney may move to disqualify an attorney so appointed who is or has been engaged as an adversary of the respondent-attorney in any matter.  Counsel, once appointed, may not resign without permission of this court.

**(10)  Duties and Powers of the Clerk.**

(A)  The clerk of this court shall promptly notify the National Discipline Data Bank operated by the American Bar Association of any order imposing public discipline upon any attorney admitted to practice before this court.

(B)  The clerk of this court shall, upon being informed that any attorney admitted to practice before this court has been convicted of any crime or has been subjected to discipline by another court, obtain and file with this court a certified or exemplified copy of such conviction or disciplinary judgment or order.

(C)  Whenever it appears that any person who is disbarred or suspended or censured or disbarred on consent by this court is admitted to practice law in any other jurisdiction or before any other court, the clerk of this court may, if necessary to supplement the action taken under subsection (10)(A), so advise the disciplinary authority in such other jurisdiction or such other court.

**(11)  Jurisdiction.**

(A)  Nothing contained in these rules shall be construed to deny to the court such powers as are necessary for the court to maintain control over proceedings conducted before it, such as proceedings for contempt under Title 18 of the United States Code or under Rule 42 of the Federal Rules of Criminal Procedure.
*Effective September 1, 1990; amended effective August 1, 1997.*